IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SALES AUTOMATION SUPPORT, INC.,

                             Plaintiff,                        OPINION and ORDER

     v.

MIR MAQBOOL ALAM KHAN and                    08-cv-516-slc
NAPEAN LLC,

                           Defendants.

---

On September 2, 2008, plaintiff Sales Automation Support, Inc. initiated this civil action against defendants Mir Maqubool Alam Khan and Napean LLC, alleging that defendants have violated federal and state trademark infringement laws by using plaintiff's MOBILE MARKETER mark. Now before the court is defendant's motion to dismiss the case for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) or, in the alternative, to transfer venue. Subject matter jurisdiction is present under 28 U.S.C. §§ 1331 and 1367.

Defendants' motion will be granted because plaintiff has failed to make a prima facie showing that personal jurisdiction exists over defendants. Specifically, plaintiff has failed to show that defendants have sufficient contacts with Wisconsin to satisfy the personal jurisdiction requirements of the Fourteenth Amendment's due process clause. Further, because there is no personal jurisdiction, there is no need to address defendants' alternative request for a transfer of venue.

For the sole purpose of deciding this motion, I find the following material facts from the allegations in the complaint and the averments in the affidavits:

FACTS

**I. Parties**

Plaintiff Sales Automation Support, Inc. is a Wisconsin corporation located in New Berlin, Wisconsin that owns United States Trademark Registration Number 2,662,977 for the mark MOBILE MARKETER.  Defendant Mir Maqbool Alam Khan (Kahn) is a longtime resident of New York, New York and chairman and sole owner of defendant Napean, LLC (Napean), which is a New York limited liability company with its principal place of business in New York, New York.

**II. Defendants' Website**

Defendants own and operate the website www.mobilemarketer.com, which they use to publish news and information related to marketing, media and commerce involving mobile devices.  The website is available throughout the world and it is not targeted toward people in any geographic location.  Instead, the purpose of the website is to provide all persons in the mobile marketing business with news, trends, analysis and opinions on mobile marketing, media and commerce.

No business is transacted through the website, that is, nothing is bought or sold through the website.  The website does allow individuals to subscribe to and receive Mobile Marketer newsletters, which contain the Mobile Marketer mark.  To subscribe to the newsletter, an individual provides his or her name, title, company, industry and zip code.  The website collects this information and Napean uses it to provide subscribers with free daily newsletters and to provide current and prospective advertisers with general demographic information.   A

2

subscriber's information is not confirmed and no contract is entered into between the subscriber and Napean.

Napean's daily electronic newsletters contain articles added to the website since the publication of the previous newsletter. The newsletters also contain advertisements so that service providers can connect with potential customers.

### III. Defendants' Contacts with Wisconsin

Khan has never been to Wisconsin or engaged in any business in Wisconsin. Napean does not own, lease or control any offices, property or assets of any kind in Wisconsin and none of its shareholders or employees reside or work in Wisconsin. All four of Napean's employees are based in New York and no employee has ever visited Wisconsin on behalf of Napean. Napean has never transacted business with any customer or prospective customer in Wisconsin.

As of September 24, 2008, Napean had 4611 people who subscribe to its Mobile Marketer newsletters. Of those 4611 subscribers, 12 provided Wisconsin zip codes when they entered their subscriber information, which means that every business day an electronic newsletter is emailed to the email addresses provided by these 12 subscribers who have Wisconsin zip codes. No advertising space has been sold to any entity operating from Wisconsin.

On October 13, 2008, Napean published a short article on its website about Harley-Davidson, which is a Wisconsin company. The article consisted of a discussion of Harley's new print campaign that includes an interactive mobile component as well as quotes from Harley's

manager of electronic advertising and direct promotions, who is located in Milwaukee, Wisconsin.

ANALYSIS

Plaintiff contends that this court has specific personal jurisdiction over defendants; defendants, unsurprisingly, dispute this contention.  On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the burden of proof rests on the party asserting jurisdiction, in this case, plaintiff.  *Hyatt International Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).  However, because no evidentiary hearing was held, plaintiff can satisfy its burden by making a prima facie showing that personal jurisdiction exists.  *Id.*

A federal court has personal jurisdiction over a non-consenting, nonresident defendant to the extent authorized by the law of the state in which that court sits, *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 664 (7th Cir. 1986), unless the federal statute at issue permits nationwide service or the defendant is not subject to personal jurisdiction in any state in the United States, Fed. R. Civ. P. 4(k) and *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1201-02 (7th Cir. 1997).  In this case, neither exception applies and therefore, the issue is whether there is personal jurisdiction over defendants under the law of Wisconsin.

Although Wisconsin courts generally require a plaintiff to satisfy the Wisconsin long-arm statute, Wis. Stat. § 801.05, as well as the United State Constitution's due process clause, *Logan Productions, Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996), neither party addresses the requirements for personal jurisdiction under Wisconsin's long-arm statute.  Instead, the parties assume that Wisconsin's long-arm statute extends as far as due process.  Although the parties' assumption may be erroneous it is academic because I conclude that plaintiff has failed to meet

4

the constitutional requirements for jurisdiction. Therefore, I need not decide whether it has met the long-arm statute's requirements. *Hy Cite Corp. v. badbusinessbureau.com, L.L.C.*, 297 F. Supp. 2d 1154, 1157 (W.D. Wis. 2004).

Under the due process clause, a nonresident defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Contacts that are "random, isolated, or fortuitous" are insufficient. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). In other words, "[t]he minimum contacts with the forum state must be the result of the defendant's purposefully availing itself of the privilege of conducting business in the forum state, thereby invoking the protections and benefits of the forum state's law." *Hy Cite Corp.*, 297 F. Supp. 2d at 1158 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Although a court may exercise general or specific personal jurisdiction over a defendant, in this case, plaintiff asserts only that specific personal jurisdiction exists, thus waiving any general personal jurisdiction argument. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). Exercise of specific personal jurisdiction is proper when three requirements are met: (1) defendant has purposefully established minimum contacts with the forum state; (2) the cause of action arises out of or relates to those contacts; and (3) the exercise of jurisdiction is constitutionally reasonable. *Id.* "Crucial to the minimum contacts analysis is showing that the defendant should reasonably anticipate being haled into court in the forum State, because the defendant has purposefully availed itself of the privilege of conducting activities there." *Id.*

(internal quotes and alterations omitted) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)).

With respect to the minimum contacts requirement, plaintiff contends that, by sending daily electronic newsletters to 12 regular subscribers with Wisconsin zip codes and writing one article about a Wisconsin business, defendants have purposely availed themselves of the benefits and privileges of conducting activities in Wisconsin and should have reasonably anticipated being haled into court in Wisconsin.  I disagree.

Starting with an almost punctilious observation, although it logical to assume that a subscriber who provides defendants with a Wisconsin zip code lives in Wisconsin, it is still just an assumption.  Defendants have no practice of verifying subscriber information to confirm whether subscribers actually live in the zip code they enter as part of subscribing.  Further, defendants' electronic newsletter is sent to an email address that can be accessed through the Internet regardless of the geographic location of the person accessing the email.  As a result, the fact that 12 subscribers entered Wisconsin zip codes does not necessarily mean that the electronic newsletter is being distributed "in Wisconsin" on a daily basis.  A small point, to be sure, but not so insignificant as to be left unmentioned.

But let's be logical and operate under the assumption that defendants' electronic newsletter is being distributed daily to 12 subscribers in Wisconsin.  Such  contact with Wisconsin is merely fortuitous.  Both parties agree that defendants's website is "available throughout the entire world," and *anyone* who happens upon the website may subscribe to defendants' free electronic newsletters.  Defendants do not target Wisconsin residents and, in fact, have not chosen or solicited those people who subscribe to their free electronic newsletters.

6

Of the 4611 subscribers, 12 happen to reside in Wisconsin.  That's about 1 in 384, about 0.26% of defendants' subscribers.  Put another way, 99.74% of defendants' subscribers do *not* reside in Wisconsin.  Defendants' subscribers are overwhelmingly elsewhere.

Further, defendants do not buy or sell anything through their website or newsletters and they have never sold any advertising space to a company from Wisconsin.  It would be unreasonable to conclude that defendants, officed at the Southern tip of Manhattan, could anticipate being haled into a bucolic federal court in south-central Wisconsin on account of sending a dozen Wisconsinites an email newsletter that does not solicit any business transactions for defendants' benefit.  Moreover, it is unclear how defendants' publication of one article about one Wisconsin company would change this conclusion.  In sum, plaintiff have not made a prima facie showing that defendants have purposefully availed themselves of the privilege of conducting activities in Wisconsin.

Plaintiff attempts to sidestep the requirement that it show *purposefully*-established minimum contacts by contending that defendants merely need to have "entered" Wisconsin in some fashion to be subject to specific personal jurisdiction here, citing *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Ltd.*, 34 F.3d 410 (7ᵗʰ Cir. 1994).  Plaintiff misconstrues the law.  First, *Indianapolis Colts*, relates to the "effects test," which applies "when the plaintiff alleges that defendant committed an intentional tort expressly aimed at the forum state."  *Hy Cite Corp.*, 297 F. Supp. 2d at 1165.  Plaintiff never makes such allegations and it fails to assert or develop any effects test argument for specific personal jurisdiction.  *Weinstein v. Schwartz*, 422 F.3d 476, 477 n.1 (7ᵗʰ Cir. 2005) (failure to properly develop argument constitutes waiver); *see also Central States, Southeast & Southwest Areas Pension Fund v. Midwest Motor Express, Inc.*, 181 F.3d 799, 808

(7th Cir. 1999) (arguments not meaningfully developed deemed waived); *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995) (not court's duty "to scour the party's various submission to piece together appropriate arguments").

Second , in *Indianapolis Colts*, 34 F.3d at 412, the court found not only that defendant had "entered the state in some fashion" but that it "brought about an injury to an interest located in a particular state."  In the instant case, plaintiff has provided no evidence or allegations that the injury to its trademark would be suffered mostly in Wisconsin.  The only allegation that might suggest otherwise is plaintiff's allegation that it is a Wisconsin company; however, "merely identifying the plaintiff's principal place of business is not enough without more to show that plaintiff has suffered the brunt of an injury in the state." *Hy Cite Corp.*, 297 F. Supp. 2d at 1167.  Therefore, the fact that defendants "entered" Wisconsin in some fashion does not, standing alone, support the conclusion that specific personal jurisdiction exists.

Plaintiff has failed to satisfy its burden of making a prima facie showing that defendants purposefully established minimum contacts with Wisconsin. This pretty much ends the analysis, and I am granting defendants' motion to dismiss.

What about defendants' alternative request for transfer of venue?  A case may be transferred even when the transferring court does not have personal jurisdiction over the defendant.  *Cote v. Wadel*, 196 F.2d 981, 985 (7th Cir. 1986) (citing *Andrews v. Heinold Commodities, Inc.*, 771 F.2d 184, 189 n.5 (7th Cir. 1985)).  Here, however, plaintiff argues against transfer to the Southern District of New York.   Maybe this case ultimately will end up in Manhattan, but this court doesn't have a dog in that fight.  Having concluded that Wisconsin

is not an appropriate forum, this court will simply dismiss this case without prejudice and let plaintiff decide where it wants to go from here.

ORDER

It is ORDERED that:

(1)   The motion to dismiss for lack of personal jurisdiction, dkt. #5, filed by defendants Mir Maqbool Alam Khan and Napean, LLC is GRANTED;

(2)   Defendants' alternative request for transfer of venue is DENIED; and

(3)   The clerk of court is directed to enter judgment dismissing this case without prejudice to plaintiff's refiling it in another district.

Entered this 12th day of December, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge